## Bill Simpson v. The State.

1. Evidence. — Except when it is provided by law that proof of a particular fact is proof, conclusive or presumptive, of another fact, or that a certain degree of weight is to be attached to a certain species of evidence, the

jury are the exclusive judges of the facts proved and of the weight of the testimony. But it is incumbent on this court, after an appeal has been taken, to determine whether a sufficient amount of legal evidence was adduced to support the verdict of the jury.

2. SAME. — This court will not set aside a verdict of conviction because, the evidence being conflicting, the jury have seen fit to believe the incriminating evidence of the state in preference to the exculpatory evidence of the defense.

APPEAL from the County Court of Houston. Tried below before the Hon. S. A. MILLER, County Judge.

The mother and sister of the accused testified in his behalf and contradicted material parts of the concurrent testimony of three witnesses for the state.

*W. V. Tunstall*, for the appellant.

*W. B. Dunham*, for the State.

ECTOR, P. J.  The defendant was tried at the March term, 1877, of the County Court of Houston County, on an information charging him with the theft of a pistol. The jury returned a verdict of guilty, and assessed his punishment at thirty days' confinement in the county jail. A motion for new trial was refused, and an appeal was taken.

No objection was taken to the information. The information and the affidavit upon which it was based are in plain and intelligible language, and charged the defendant with being guilty of an offense defined in the Penal Code. The charge of the court was substantially in accordance with law, and applicable to the case. No exceptions were taken to any decision, opinion, order, or charge of the court, and no additional instructions were asked.

The grounds set out in the motion for new trial are :

" 1. Because the verdict was contrary to the law.

" 2. Because the verdict was contrary to the evidence.

" 3. Because the verdict was contrary to law and the evidence.

" 4. Because the verdict was without evidence."

The counsel for the defendant have in their brief made a strong appeal for their client, and have attempted to show that defendant did not have a fair and impartial trial in the court below. They say that a careful examination of the statement of facts will show that the evidence did not justify a verdict of guilty.

The testimony in this case was conflicting. " The jury in all cases are made the exclusive judges of the facts proved and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." Pasc. Dig., art. 3108. After an appeal has been taken, the responsibility rests upon this court of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to sustain the verdict.

This case differs from those cited by counsel in their brief: first, in the conduct of the parties when found in possession of the stolen property ; and, secondly, that in this case it cannot be truthfully said that the innocence of the accused is consistent with all the facts in evidence. The circumstances attending the recovery of the pistol, if the evidence introduced by the state is true, were such as were naturally calculated to awaken suspicion against the defendant, and to corroborate the inference of guilty possession. And the conduct of his mother in defying the officer of the law who went with the owner of the pistol to recover the stolen property was calculated to make the jury doubt or disbelieve her testimony.

We cannot say that the evidence is insufficient to support the verdict, or that the court erred in overruling the motion for new trial.    The judgment is, therefore, affirmed.

*Affirmed.*